IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03078-M-RJ

| | | |
|---|---|---|
| PRINCE E. HANNAH, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN JAMIE BULLARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 10, 2025, Prince E. Hannah, III ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 8].

The court now conducts its initial review under 28 U.S.C. § 1915A and, as discussed below, allows the action to proceed in part.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff names as defendants Warden Jamie Bullard, Dr. White, Nurse Practitioner Todd D. Harris, Nurse Practitioner Watterson, Nurse Supervisor Scott, Nurse J. Dunn, Nurse Hernandez, Sergeant Owens, Officer Sturdivant, and Nurse Jane Doe. See Compl. [D.E. 1] at 3–8. Plaintiff generally alleges deliberate indifference to his serious medical needs regarding his knees, in violation of his Eighth Amendment rights, at Tabor C.I. from August 24, 2022, to March 14, 2024. See id. at 8–10, 14–22. Plaintiff seeks declaratory relief and money damages. See id. at 11.

"Deliberate indifference" to a prisoner's "serious medical needs" violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see Farmer v. Brennan, 511 U.S. 825,

2

835 (1994); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Disagreements over forms of treatment concern medical judgments, not the Eighth Amendment, id., and mere negligence in diagnosis or treatment does not state a constitutional claim, see Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

Liberally construing this *pro se* complaint, plaintiff's deliberate indifference claims against Sergeant Owens and Nurse J. Dunn as to the events of August 24, 2022, id. at 8–9, and Nurse Hernandez as to the events of September 11, 2022, id. at 14, are not clearly frivolous.

Plaintiff, however, fails to plausibly allege viable deliberate indifference claims against the other named defendants. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

To the extent plaintiff instead seeks to hold defendants responsible for the actions of others, the doctrine of *respondeat superior* does not apply, see Iqbal, 556 U.S. at 677, and he fails to state a viable supervisory liability claim under the governing standard, Twombly, 550 U.S. at 555; see Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Conclusion:

In sum, the court: ALLOWS plaintiff's Eighth Amendment deliberate indifference claims to proceed against Sergeant Owens and Nurse J. Dunn as to the alleged events of August 24, 2022, and against Nurse Hernandez as to the alleged events of September 11, 2022; DISMISSES the remaining claims; and DISMISSES WITHOUT PREJUDICE Bullard, White, Harris, Watterson, Scott, Sturdivant, and Jane Doe as defendants.

The court further DIRECTS the clerk to continue management of the action under Standing Order 14-SO-02; and, if service under this standing order fails, DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

Next, the court GRANTS IN PART plaintiff's motions to appoint counsel [D.E. 10, 12] to the extent that notifying North Carolina Prisoner Legal Services, Inc., of this action pursuant to the court's Standing Order 21-SO-11 satisfies this request.

Finally, because the court has not yet authorized a period of discovery in this matter, the court DENIES plaintiff's premature motion seeking permission to engage in discovery [D.E. 11].

SO ORDERED this 27th day of October, 2025.

RICHARD E. MYERS II
Chief United States District Judge